**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JONATHAN GOLDSMITH, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:24-cv-01464-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Remand, (ECF No. 7), filed by Plaintiff, American Express National Bank. Defendant, Jonathan Goldsmith, filed a Response, (ECF No. 11), to which Plaintiff filed a Reply, (ECF No. 14). Because this Court lacks subject matter jurisdiction, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** as **MOOT** all other pending motions.

## I.  BACKGROUND

Plaintiff filed a breach of contract claim, in the Eight Judicial District Court, in Clark County, Nevada, against Defendant alleging Defendant breached the terms of a Credit Agreement when he defaulted on his payments owed to Plaintiff. (Removal Notice 8:25–9:16, ECF No. 1). Plaintiff requested a $15,028.29 judgment for the outstanding balance due and owed. *Id.* at 9:24–25. Defendant then filed a counterclaim in state court, alleging Plaintiff violated numerous provisions of the Truth in Lending Act ("TILA") seeking over $60,000 in damages. *See generally*, *id*. at 16–25. Defendant filed a Notice of Removal in this Court claiming removal is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331. *See generally, id.* at 1–5.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.     DISCUSSION

Plaintiff argues that remand is appropriate because Defendant fails to establish that this Court has either federal question or diversity jurisdiction. (Mot. Remand 1:25–28, ECF No. 7). The Court agrees.

### A. Federal Question Jurisdiction

Plaintiff argues that this Court lacks federal question jurisdiction because it did not allege federal claims in its Complaint and Defendant's counterclaims of TILA violations cannot be used as an avenue to remove to federal court. (Mot. Remand 6:8–11).

"Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir.

2018). The "well-pleaded complaint rule,' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. v. Locyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* (quoting *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936). "Thus, the rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" *Id*. (quoting *Caterpillar*, 482 U.S. at 3). Moreover, counterclaims cannot be used to establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Here, Plaintiff filed a breach of contract claim arising under state law against Defendant. (Removal Notice 8:25–9:16). No where on the face of Plaintiff's complaint does it state a federal claim. Defendant's counterclaim alleging a violation of a federal claim—TILA— cannot be used as a basis for federal question jurisdiction. Thus, this Court lacks federal question jurisdiction over the claim.

### B. Diversity Jurisdiction

Plaintiff argues that this Court lacks diversity jurisdiction because it did not request damages exceeding $75,000. (Mot. Remand 6:1–7).

To remove a state law civil action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The amount in controversy "claimed by the plaintiff controls for removal purposes." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). A defendant's

counterclaim should not be considered when assessing whether the amount in controversy requirement is met. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986); *see Franklin v. Car. Fin. Servs.*, 2009 WL 3762687, at *2 (S.D. Cal, Nov. 9, 2009).

      Here, Defendant maintains that diversity jurisdiction is proper because Plaintiff is a citizen of New York and Defendant is a citizen of Nevada, meeting the complete diversity requirement under 28 U.S.C. § 1332(a).[1] (Removal Notice 4:1–12). Defendant argues that his damages, exceeding $60,000, should be added together with Plaintiff's damages of $15,028.29 to meet the amount in controversy. (*Id.* 4:13–5:1). But, this Court will not aggregate the parties' damages because a defendant's counterclaim cannot be used to meet the amount in controversy. Because Plaintiff claims just over $15,000 in damages, the amount in controversy falls short of the statutory requirement. Thus, this Court lacks diversity jurisdiction.

      In sum, the Court lacks both federal question and diversity jurisdiction over this matter. Accordingly, Plaintiff's Motion to Remand is GRANTED.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **GRANTED** and all other motions are **DENIED** as **MOOT.** The Clerk is kindly directed to remand this case back to the Eighth Judicial District Court, Clark County Nevada and thereafter close this Court's case.

**DATED** this __22__ day of August, 2024._

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Complete diversity is not in dispute in this matter.